CHARLES D. STODGHILL
Email: stodghillc@sec.gov
MATTHEW F. SCARLATO
Email: scarlatom@sec.gov
100 F Street, NE
Washington, DC 20549
Tel: (202) 551-4413 (Stodghill)
Tel: (202) 551-3749 (Scarlato)
Fax: (202) 772-9645

<u>LOCAL COUNSEL</u>:
KRISTIN ESCALANTE, Cal. Bar No. 169635
Email: escalantek@sec.gov
444 S. Flower Avenue, 9th Floor

444 S. Flower Avenue, 9th Floor
Los Angeles, CA  90071
Telephone:  (323) 965-2673

Attorneys for Plaintiff
Securities and Exchange Commission

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HARRISON SCHUMACHER; PAUL MYSYK; QUANECO, LLC; and QUANTUM ENERGY, LLC,<br><br>　　　　　Defendants, and<br><br>QUANECO ENERGY HOLDINGS, LLC; FAT CHANCE OIL & GAS; ANV, LLC; and TARA SCHUMACHER,<br><br>　　　　　Relief Defendants. | Case No.  2:15-06388-DDP (RAOx)<br><br>**STIPULATED PRELIMINARY INJUNCTION ORDER** |

Plaintiff Securities and Exchange Commission ("SEC") and Defendants Harrison Schumacher ("Schumacher"), Quantum Energy LLC ("Quantum"), and Quaneco, LLC ("Quaneco;" collectively, "Defendants") hereby consent and stipulate to the preliminary injunction provided for below pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, and Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(b).

The entry of this Stipulated Preliminary Injunction is without prejudice to the SEC moving in the future for additional preliminary relief**,** to Defendants moving in the future to vacate or modify this Stipulated Preliminary Injunction, or to further stipulations of the parties.  No issue of fact is resolved by the entry of this Stipulated Preliminary Injunction.  No admission of wrongdoing is admitted or implied.

With these understandings, the parties stipulate and consent to the following Stipulated Preliminary Injunction.

## I.

IT IS HEREBY ORDERED that the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, in the absence of any applicable exemption:

A. unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

B. unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  C. making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h

in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

## II.

  IT IS FURTHER ORDERED that the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

  A. employing any device, scheme or artifice to defraud;

  B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## III.

  IT IS FURTHER ORDERED that the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active

concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## IV.

IT IS FURTHER ORDERED that Schumacher, and his officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with him, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby is restrained and enjoined from, directly or indirectly, from acting as an unregistered broker in violation to Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

## V.

IT IS HEREBY FURTHER ORDERED that the Defendants, and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are hereby prohibited from soliciting, accepting, or depositing any monies from actual or prospective investors in connection with any offering of securities.

**VI.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliate, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of Defendants Quantum and Quaneco, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of Defendants Quantum and Quaneco, or their subsidiaries and affiliates.

**VII.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank (including, without limitation, Wells Fargo), financial institution or brokerage firm or Internet or "e-commerce" payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by the Defendants, including but not limited to the accounts listed below:

| Bank Name | Account Name | Account Number |
|---|---|---|
| Wells Fargo | Quantum Energy LLC Revenue Account | xxxxxx4619 |
| Wells Fargo | Director, Office of State Lands, Fbo Quest Operating, LLC | xxxxxx9099 |
| Wells Fargo | Quantum Energy LLC Operating Account | xxxxxx 2888 |
| Wells Fargo | Quantum Energy LLC Main Account | xxxxxx 2896 |
| Wells Fargo | ANV, LLC | xxxxxx 2920 |
| Wells Fargo | Fat Chance Oil and Gas LLC | xxxxxx 0780 |
| Wells Fargo | Quaneco Energy Holdings, LLC | xxxxxx5604 |
| Wells Fargo | Quaneco, LLC Operating Account | xxxxxx2813 |
| Wells Fargo | Quantum Energy LLC General Account | Xxxxxx2904 |

This preliminary injunction does not apply to any gifts of money or personal property Mr. Schumacher receives from family or friends for necessary and reasonable living expenses or attorneys' fees, and Mr. Schumacher may open up a bank account to receive these funds.  Provided, however, that Mr. Schumacher may not accept any gifts of money or personal property that are derived from funds obtained from any of the other Defendants named in this Order or entities controlled by said Defendants.

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly:  destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to the Defendants.

## IX.

IT IS FURTHER ORDERED that the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court shall apply to all parties in this matter following entry of this Order.

## X.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated: December 08, 2015

_____
UNITED STATES DISTRICT JUDGE

Presented by:
Charles D. Stodghill
Matthew F. Scarlato
Attorney for Plaintiff
Securities and Exchange Commission

James W. Spertus
Attorney for Defendants