JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>      vs.<br><br>HARRISON SCHUMACHER; PAUL MYSYK; QUANECO, LLC; and QUANTUM ENERGY, LLC,<br><br>            Defendants, and<br><br>QUANECO ENERGY HOLDINGS, LLC; FAT CHANCE OIL & GAS, LLC; and ANV, LLC, and TARA SCHUMACHER,<br><br>            Relief Defendants. | Case No.  2:15-6388-DDP (RAOx)<br><br><br>**FINAL JUDGMENT AS TO DEFENDANTS HARRISON SCHUMACHER, QUANECO, LLC, QUANTUM ENERGY, LLC; AND RELIEF DEFENDANTS QUANECO ENERGY HOLDINGS, LLC, FAT CHANCE OIL & GAS, LLC, AND ANV, LLC** |

1

The Securities and Exchange Commission ("SEC" or "Commission") having filed a Complaint, and Defendants Harrison Schumacher ("Schumacher"), Quaneco, LLC ("Quaneco"), and Quantum Energy, LLC ("Quantum") (collectively, "Defendants"); and Relief Defendants Quaneco Energy Holdings, LLC ("QEH"), Fat Chance Oil & Gas, LLC ("Fat Chance"), and ANV, LLC ("ANV") (collectively, "Relief Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and Relief Defendants and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment; and Defendants having admitted to the facts set forth in Annex A to the Consents of Defendants Schumacher, Quaneco, and Quantum, and the Consent of Defendants Schumacher, Quantum, and Quaneco and Annex A and B attached thereto, and the Consents of Relief Defendants QEH, Fat Chance, and ANV being hereby incorporated by reference with the same force and effect as if fully set forth herein.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or   would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Schumacher is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by, directly or indirectly, made use of the mails or means or instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce, the purchase or sale of securities, without being registered as a broker or dealer, or being associated with a registered broker or dealer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Schumacher's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Schumacher or with anyone described in (a).

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Schumacher is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Schumacher is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Schumacher is prohibited from directly or indirectly, including, but not limited to, through any entity owned or controlled by Schumacher, participating in the issuance, purchase, offer, or sale of any security, provided, however, that Schumacher is not prohibited from purchasing or selling securities listed on a national securities exchange for his own personal accounts.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Schumacher, Fat Chance, and ANV are jointly and severally liable for disgorgement of $244,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $8,457.86, for a total of $252,457.86.  In addition, Schumacher is liable for a civil penalty in the amount of $310,000.00 pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].  Schumacher, Fat Chance, and ANV shall satisfy their respective obligations by paying the Securities and Exchange Commission (including, but not limited to, the transfer of all funds held in accounts owned or controlled by Schumacher, Fat Chance, and ANV with Wells Fargo Bank, N.A.) within 364 days after entry of this Final Judgment.

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Quantum, Quaneco, and QEH are jointly and severally liable for disgorgement of $12,470,272.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $474,286.20, for a total of $12,944,558.20, but that this amount shall be deemed satisfied upon (1) the transfer of any and all of Quantum's, Quaneco's and QEH's funds (including, but not limited to, funds in accounts owned or controlled by Quantum, Quaneco, and QEH with Wells Fargo Bank, N.A.) to the Court for potential distribution; and (2) the

execution of documents that convey all of Quantum's and QEH's other assets, whether real or personal, choate or inchoate, to Quaneco.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, within seven days of the entry of this Final Judgment, Schumacher will execute a document suitable to the SEC to convey to the SEC his interest in the art work identified in Annex B to the Consent of Harrison Schumacher (the "Art Work").  The proceeds of the sale of the Art Work will be applied dollar-for-dollar to satisfy Schumacher's obligations pursuant to Paragraph VIII of this Final Judgment.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Schumacher's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Schumacher shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to:

(a)     Within fourteen days of the entry of this Final Judgment, divest himself of and transfer to Quaneco any ownership interest he has or claims to have in Quantum, Quaneco, the Relief Defendants, Quaneco VI, LP, Big Sky Energy, LLC, Powder River Gas, LLC, Quest Operating LLC, and BHJ Gathering, LLC, and any related entities, joint ventures, or partnerships (collectively, the "Quantum Entities") including, but not limited to, any ownership interest in bank accounts, mineral leases, office equipment, and any other property, real or personal, whether choate or inchoate, of the Quantum Entities;

(b)     Resign any position he holds as President, Manager, or Managing Member of each of the Quantum Entities within fourteen days of the Final Judgment in this matter; and

(c)     Execute all necessary documents to documents to cancel any and all of his interest in the Quantum Entities and, as necessary, execute all documents

necessary effectuate the transfer of such ownership interest to Quaneco as determined by the Securities and Exchange Commission.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants and Relief Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants and Relief Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants and Relief Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XIII.

This Court hereby orders that the Court-ordered asset freeze pursuant to Paragraph VII of this Court's December 8, 2015 Preliminary Injunction (DE 45) is hereby modified to permit  Defendants and Relief Defendants to transfer assets, including the Art work and bank accounts held at Wells Fargo, N.A., so that such assets may be applied to satisfy this Final Judgment.  Upon satisfaction of the monetary components set forth in Section IX above, the asset freeze shall be vacated.

XIV.

To satisfy the requirements set forth in Sections VIII and IX above, Defendants and Relief Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants and Relief Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall

be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the paying party as a defendant or relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants and Relief Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants and Relief Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to them.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest against Schumacher, Fat Chance, and ANV by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 364 days following entry of this Final Judgment. Schumacher, Fat Chance, and ANV shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Schumacher shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

XV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XVI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _February 21, 2017 _____

_____

UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28